MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2016 ME 81
Docket:       Ken-15-510
Argued:       May 3, 2016
Decided:      May 31, 2016

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and
              HUMPHREY, JJ.

# ADOPTION OF PRISCILLA D.

PER CURIAM

[¶1]  The parents[1] of Priscilla D. appeal from a judgment of the Kennebec County Probate Court (*J. Mitchell, J.*) granting the child's maternal grandmother's motion for judgment as a matter of law on the parents' petition to annul the child's adoption by the grandmother.  Because the Probate Court's termination of parental rights, affirmed in *In re Priscilla D.*, 2010 ME 103, 5 A.3d 677, governs the parents' rights regarding the child, and because the court's error in excluding certain testimony offered by the parents was harmless, we conclude that the Probate Court did not err in declining to annul the 2009 adoption.

## I.  CASE HISTORY

[¶2]  The child is thirteen years old.  Since her birth, her mother and her maternal grandmother have had a strained relationship.  At this point, there has

---

[1]  The "parents" are the child's birth parents.  Their parental rights were terminated in 2009 and the child's maternal grandmother adopted the child.  For ease of reference, the birth parents are referred to in this opinion as the child's parents.

2

been nearly a decade of litigation between these parties over responsibility for the child. That history is detailed in our 2010 opinion. *See In re Priscilla D.*, 2010 ME 103, ¶¶ 3-7, 5 A.3d 677.

[¶3] After approximately three years of disputes and litigation between the parents and the grandmother, the court, in 2009, terminated the parents' parental rights. The parents appeared at the 2009 hearing and consented to termination. Because of the parents' hesitation about consenting to termination expressed in a statement read by the parents' attorney and in a colloquy between the court and the mother, the court indicated that it would decide the termination question based on evidence, rather than act solely on the parents' consent.

[¶4] Referencing the record from prior proceedings, which the parties agreed the court could consider, the court found that the parents were unfit and that termination of the parents' parental rights was necessary and in the best interest of the child. *See* 22 M.R.S. § 4055(1)(B)(2) (2015). In making the findings that supported its conclusions, the court addressed comments made at the hearing indicating that the grandmother had suggested during settlement discussions that the parents might have limited access to the child and information about the child following an adoption. The court noted that any continued contact with the child was unlikely unless the relationship between the parents and the grandmother improved considerably.

[¶5] The parents appealed the termination of their parental rights, and, in the 2010 opinion noted above, we affirmed. The grandmother then adopted the child.

[¶6] In August 2014, the parents petitioned to annul the adoption,[2] arguing that it was obtained by means of fraud or duress. *See* 18-A M.R.S. § 9-315(a)(1) (2015). The court held a one-day hearing on the petition. At the hearing, the court excluded certain evidence offered by the parents, including statements allegedly made during settlement discussions that occurred immediately before the termination of parental rights hearing. The excluded statements included those that were referenced in the 2009 hearing regarding the possibility of the parents' continued limited contacts with the child. The court found that such statements were inadmissible pursuant to M.R. Evid. 408(a)(2) (barring admission of evidence of "[c]onduct or a statement made during compromise negotiations or in mediation about the claim" where it is offered "to prove or disprove the validity or amount of a disputed claim").

[¶7] At the conclusion of the parents' case, the grandmother moved for judgment as a matter of law. The court orally granted the grandmother's motion, finding that "the evidence does not indicate and does not prove that without

---

[2] Whether parents whose parental rights regarding a child have been terminated have standing to seek to annul a post-termination adoption of the child is a question that we need not address because the Probate Court, after apparently inferring that the parents had standing, reached the merits of their petition to annul and denied the petition.

4

consent, there would not have been a termination." The court entered a written judgment the same day.

## II. LEGAL ANALYSIS

[¶8] On appeal, the parents challenge the court's evidentiary rulings, including the exclusion of statements made during settlement negotiations and offered in support of their claims of fraud and duress. Assuming that the claim of fraud or duress was a viable claim, M.R. Evid. 408(a)(2) creates no bar to the admission of the excluded statements in this case because the statements were not offered to prove the validity or amount of the claim about which the parties were negotiating. Instead, the evidence was offered in a subsequent proceeding in an attempt to demonstrate fraud or duress in the 2009 proceeding. Without such evidence, fraud or duress in settlement negotiations would be difficult to prove. Rule 408(a)(2) does not require exclusion of such evidence. *See Union River Assocs. v. Budman*, 2004 ME 48, ¶ 18, 850 A.2d 334 (holding that Rule 408(a) excludes evidence offered to prove liability, validity, or amount of a claim, but does not exclude evidence of settlement discussions offered for other purposes.).

[¶9] The court's error in excluding the evidence is insufficient to vacate the court's judgment because the error was harmless.[3] *See* M.R. Civ. P. 61; *Starrett v.*

---

[3] The parents also argue that the court erred by excluding evidence of the mother and grandmother's past relationship. It is unclear whether this evidence would have been relevant, but any error in the court's exclusion of this evidence was likewise harmless.

*Starrett*, 2014 ME 112, ¶ 16, 101 A.3d 435. In 2009, the court informed the parents that any expectations created during settlement discussions regarding future contact with the child might not be fulfilled. Further, even if the parents had been permitted to present the excluded evidence and the court had found that such evidence demonstrated that the parents' consent to termination was obtained based on fraud or duress, the parents would not have been entitled to an annulment of the adoption. The termination of parental rights was based on a finding that the statutory requirements for termination had been met. We affirmed that finding on appeal, addressing issues the parents later presented in support of their petition to annul the adoption. *See In re Priscilla D.*, 2010 ME 103, ¶¶ 19-20, 5 A.3d 677.

[¶10] The parents have not raised any issue sufficient to warrant prolonging this litigation. It is contrary to the child's interests to continue a legal battle over a termination of parental rights and an adoption that was finalized approximately six years ago.

The entry is:

Judgment affirmed.

---

**On the briefs and at oral argument:**

Erika S. Bristol, Esq., Auburn, for appellant parents

Pamela J. Ames, Esq., Waterville, for appellee maternal grandmother